[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR STAY
In the underlying case, Building Traditions, LLC v. Richard Panek, CV01 0811412, the plaintiff, apparently a builder, sought damages and an order for specific performance of an alleged contract for the sale of real estate. The plaintiff caused a lis pendens to be placed on real estate. In this action, the defendant has sought an application to discharge the CT Page 16514 lis pendens pursuant to § 52-325c of the General Statutes. The application was granted by Judge Fineberg. The plaintiff is in the process of taking an appeal from the granting of the action by Judge Fineberg, and by this motion seeks a stay of the discharge of the lis pendens pending appeal.
The parties agree that the appropriate standards for the granting of a stay pending appeal are those stated in Griffin Hospital v. Commission onHospitals, 196 Conn. 451, 456 (1985): (1) the likelihood of success on the merits of the appeal; (2) the amount of irreparable injury suffered if a stay is not granted; (3) the effect of a stay on the parties; (4) the public interest involved. I will consider each criterion.
The probability of success on the merits is problematic. The plaintiff claims that it was not allowed a hearing to present its case. There was, however, a hearing of sorts, but it is true that certain evidence was not presented. Judge Fineberg held that on a consideration of the papers which were claimed to constitute the contract, enforcement of the contract would be barred by the Statute of Frauds, § 52-550 of the General Statutes, and, in any event, the papers before him did not constitute an offer and acceptance. He quite apparently held, then, that there was not probable cause in support of the underlying action and he granted the application for discharge. The plaintiff claims that the writings did satisfy the Statute of Frauds and, in any event, the doctrines of part performance and promissory estoppel rescued the matter from the application of the Statute of Frauds.
On balance, I find the ultimate issue of whether there is no probable cause to support the underlying action to weigh no better than evenly. The Appellate Court may find that on the record, there was no need for the evidence proffered by the plaintiff or that, if offered, it would make no difference. In addition to the considerations stated by Judge Fineberg, the letter by Building Traditions dated May 8, 2001, claimed to the the acceptance, includes language suggesting that the defendants' attorney draft, among other documents, a purchase and sale agreement. This language would seem to suggest that the paperwork up to that point was not a purchase and sale agreement. In any event, I find that the factor of likelihood of success on the merits weighs no better than even for the plaintiff
As to the prospect of irreparable injury, I do find it more likely than not that, if the stay is not granted, the plaintiff will lose the remedy of specific performance and will probably not acquire the parcel in issue. This does not, however, mean that all remedies will be lost, as the remedy of damages may be able to compensate the plaintiff adequately. I find this factor weighs slightly in the plaintiff's favor. CT Page 16515
As to the effect of a stay on the parties, I find that the defendants would be harmed considerably. They have to pay approximately $12,000 per year in taxes and loan repayments on the land, and they wish to build a home for themselves on one of the parcels. They apparently have a buyer who is now ready, willing and able to purchase. I find this factor weighs quite heavily in favor of the defendants.
Finally, I find that there is little public interest in this matter. To the limited extent that there is a public policy involved, I note that public policy very generally favors the alienability of property. Although this factor is very minor in the context of this case, I find that it slightly favors the defendants.
On balance, and after considering the equities, I find that the motion for the stay pending appeal should be and is denied.
Beach, J.